IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DONNIE RAY FLOYD, | ) | C/A No. 4:07-263-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN FCI-BENNETTSVILLE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Donnie Ray Floyd ("petitioner/Floyd"), is currently incarcerated at the Federal Correctional Institution (FCI) Bennettsville, South Carolina. Petitioner is serving a 1880 day Parole Violation sentence. (Respondent's memorandum). Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on January 25, 2007. Petitioner asserts that the BOP has failed to grant him credit for time served on a state case, work credits or good time credits from 1992-2007, public law time credit, credit for time spent on the street while on parole, and ex-good time credit. Petitioner request the Court to order that he be given these credits and that he be released immediately.

Respondent filed a motion for summary judgment on July 23, 2007, along with supporting memorandum and an affidavit and exhibits. The undersigned issued an order filed July 26, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

summary judgment procedure and the possible consequences if he failed to respond adequately. No response has been filed by petitioner to respondent's motion for summary judgment.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion for summary judgment or the Court's Order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III.  EXHAUSTION

In the alternative, it is recommended that this action be dismissed for failure to exhaust administrative remedies.

Respondent asserts in his memorandum that petitioner has failed to exhaust his administrative remedies. Respondent submitted the affidavit of Roy Lathrop, Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons, South Carolina Consolidated Legal Center, who attests that petitioner has not exhausted the BOP's administrative remedy process regarding any of the issues he has presented in this petition. Lathrop attests that the BOP Administrative Remedy Generalized Retrieval Database reveals petitioner has filed a total of 14 administrative remedies with the BOP and not one concerned good conduct time, jail credit, work credit, parole credits, or public law credits. Lathrop attests that petitioner has not formally addressed any of the issues he raises in his petition within any level of the BOP's administrative remedy program.  Respondent argues that "clearly, a request for prior custody credits, work credits, and good time credits is an individualized decision based on factors to be balanced and considered by staff." (Memorandum). Therefore, respondent contends the petition should be dismissed because petitioner has not presented his issues to the BOP for administrative review.

The undersigned finds that there is no evidence presented by the petitioner that he has exhausted his administrative remedies before bringing this § 2241 action with regard to whether or not he received proper credit for his good behavior and work duties.  As previously stated, petitioner has failed to respond to the motion for summary judgment.  Administrative exhaustion is required prior to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). Prisoners

3

challenging decisions of the Parole Commission must exhaust administrative remedies under 28 C.F.R. §§ 2.25 & 2.26 prior to filing under § 2241. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Review may nonetheless be available if the petitioner can establish cause and prejudice. Id. Petitioner has failed to respond to the motion for summary judgment and, thus, has failed to allege any cause and prejudice.

## IV. CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute.

In the alternative, it is RECOMMENDED that the petition be dismissed for failure to exhaust administrative remedies.

It is FURTHER RECOMMENDED that all outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 5, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**