IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donnie Ray Floyd, #83209-071 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:07-263-TLW-TER |
| | ) | |
| Warden, FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

# ORDER

On January 25, 2006, the petitioner, Donnie Ray Floyd, ("petitioner") proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1). The case was automatically referred to Magistrate Judge Thomas E. Rogers, III, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. The respondent, Warden, FCI-Bennettsville, ("respondent") filed a motion for summary judgment on July 23, 2007. (Doc. #22). On July 26, 2007, Magistrate Judge Rogers issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of his responsibility to properly respond to the motion for summary judgment. (Doc. #24).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #27). On September 5, 2007, Magistrate Judge Rogers issued the Report. In the Report, Judge Rogers recommends that "the petition be dismissed for failure to prosecute" or "in the alternative, it is recommended that the petition be dismissed for failure to

exhaust administrative remedies." (Doc. #27). On September 7, 2007, the petitioner filed a motion for summary judgment. (Doc. #29). The Court will consider the motion for summary judgment and consider this motion as objections to the Report, and apply the following standard upon review:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS IN PART** the Report. (Doc. #27). The petitioner filed an untimely motion for summary judgment, however, since the petitioner is proceeding *pro se*, the Court has considered the motion.[1] Therefore, the Court chooses not to accept the Report as it relates to dismissal for failure to prosecute. However, the Court **ACCEPTS** the Report as to dismissal for failure to exhaust administrative remedies. (Doc. #27). Thus, for the reasons articulated by the Magistrate Judge it is **ORDERED** that respondents' motion for summary judgment be **GRANTED** (Doc. #22) and the petitioner's complaint **DISMISSED**. (Doc. #1).[2]

   **IT IS SO ORDERED**.

---

[1]In light of the Court's ruling, the Court deems the motion for summary judgment filed by the petitioner **MOOT**. (Doc. #29).

[2]In accordance with the Report any additional outstanding motions are deemed **MOOT**.

                                                                                           <u>   s/Terry L. Wooten   </u>

                                                                                           Terry L. Wooten
                                                                                           United States District Judge

September 25, 2007
Florence, South Carolina